Honorable Stephen C. Howard Orange County Attorney Courthouse Orange, Texas 77630
Re: Compliance with section 1A of article 6701h, V.T.C.S., and the dismissal of charges
Dear Mr. Howard:
You have asked about the application of section 1A of article 6701h, V.T.C.S., the safety responsibility law, which provides that no motor vehicle may be operated in this state
 unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect to insure against potential losses which may arise out of the operation of that vehicle.
V.T.C.S. art. 6701h, § 1A(a).
The statute further provides:
 Sec. 1B. (a) On and after January 1, 1982, every owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, evidence of financial responsibility to a law enforcement officer of the State of Texas or any subdivision thereof, or agent of the Department, or to another person involved in an accident.
 (b) The following evidence of financial responsibility satisfies the requirement of Subsection (a) of this section:
 (1) a liability insurance policy in the minimum limits required by this Act or a photocopy of that policy;
. . . .
 Sec. 1C. Failure to maintain financial responsibility as defined in Section 1(10) of this Act is a Class C misdemeanor, punishable by a fine of not less than Seventy-five Dollars ($75). Subsequent offenses shall be Class B misdemeanors, punishable by a fine of not less than Two Hundred Dollars ($200).
 Sec. 1D. It is a defense to prosecution under this Act if the person charged produces in court an automobile liability insurance policy or a certificate of self-insurance previously issued to that person that was valid at the time that the offense is alleged to have occurred and the charge shall be dismissed.
V.T.C.S. art. 6701h, §§ 1B, 1C, 1D.
You suggest a fact situation where a motorist arrested for a violation of article 6701h, section 1A, while driving a borrowed car that was not insured by the owner, produced a policy of liability insurance (that was in effect at the time of the alleged violation) covering himself. You ask whether the motorist in such a situation would be entitled to dismissal of the charges under section 1D of the statute, and whether, in order to use the defense, the policy produced must "contain language that he is covered when driving an uninsured vehicle."
In Attorney General Opinion MW-547 (1982), the "manifest object" and purpose of the provision was said to be "to assure the financial responsibility of motorists for the protection of those whose lives or property might be harmed by the operation of vehicles." Section 1B requires that every "owner and/or operator" furnish evidence of financial responsibility, and under section 1D it is a defense to prosecution if the "person charged produces" an automobile liability insurance policy which meets the requirements of the act.
If the operator, whether or not he owns the vehicle, produces a valid policy that adequately protected the public at the time he operated the vehicle, he is entitled to dismissal of the charge against him under section 1D of article 6701h, V.T.C.S. The policy need not necessarily contain specific language expressly referring to vehicles "not insured by the owner thereof," so long as language in the policy has the legal result of providing statutorily adequate coverage for the operator while operating the vehicle at the time of the alleged violation. Cf. Attorney General Opinion JM-315 (1985); MW-577 (1982).
 SUMMARY
If the operator charged with failure to maintain financial responsibility produces an automobile liability insurance policy which met the requirements of the safety responsibility law at the time he operated the vehicle, he is entitled to dismissal of the charge against him though the vehicle (if owned by another) was not insured by the owner. No specific policy language is required so long as it is legally adequate to satisfy the statute.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Bruce Youngblood Assistant Attorney General